# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| MICHAEL HULSEY SHERRILL, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 02-JFG-RRA-2152-NW |
| ] | |
| WARDEN BILLY MITCHEM ] | |
| and THE ATTORNEY GENERAL ] | |
| FOR THE STATE OF ALABAMA, ] | |
| ] | |
| Respondents. ] | |

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Michael Hulsey Sherrill, was convicted on October 23, 1998, in the Circuit Court of Franklin County, of first possession of marijuana. He was sentenced on February 26, 1999, to a term of imprisonment for eight years. However, the sentence was split and he was ordered to serve two years in prison, followed by five years on probation. Sherrill's motion for a new trial was denied on May 25, 1999. The Alabama Court of Criminal Appeals affirmed Sherrill's conviction and sentence on December 30, 1999. Sherrill's application for rehearing was overruled on January 28, 2000. The Alabama Supreme Court granted Sherrill's petition for a writ of certiorari on April 12, 2000. On December 15, 2000, the Alabama Supreme Court quashed the writ, denied the petition, and issued a certificate of judgment.

On December 19, 2001, Sherrill filed a Rule 32 petition in the Franklin County Circuit Court. The trial court denied the petition on January 4, 2002. The Alabama Court of Criminal Appeals affirmed the denial of the petition on April 19, 2002. A certificate of judgment was issued on May 7, 2002.

Sherrill filed a second Rule 32 petition on May 8, 2002. The trial court denied the petition on May 15, 2002. Sherrill did not appeal the denial of the petition. However, on May 20, 2002, he filed a petition for a writ of mandamus in the Alabama Court of Criminal Appeals, questioning whether the trial court had jurisdiction to consider his Rule 32 petition since the docket fee was not paid or waived, and requesting that the appeals court vacate the trial court's order denying the Rule 32 petition and order the trial court to waive the filing fee for the Rule 32 petition. The Alabama Court of Criminal Appeals denied the mandamus petition on June 28, 2002. The Alabama Supreme Court denied the petition on August 12, 2002.

On September 3, 2002, Sherrill filed a petition for a writ of habeas corpus in this court. In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the statute of limitations and it is procedurally barred. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, Sherrill has filed an unsworn traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Sherrill's conviction became final on March 15, 2001, the date on which the ninety-day period for filing a petition for certiorari to the United States Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, the one-year period he had to attack his conviction began to run on March 15, 2001. The limitations period was tolled on December 19, 2001, when Sherrill's Rule 32 petition was filed in state court.[1] At this point, 279 days of the one-year period had elapsed. The limitations period remained tolled during the pendency of the both Rule 32 petitions,[2] then began to run again on May 15, 2002, when the trial court denied Sherrill's second

---

[1] Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[2] The second Rule 32 petition was filed the day after the Alabama Court of Criminal issued the certificate of judgment on the first petition.

3

Rule 32 petition.[3] The one-year limitations period expired 86 days later, on August 9, 2002. Sherrill did not file the current petition for a writ of habeas corpus in this court until August 30, 2002. Thus, the petition is barred by the statute of limitations.

Sherrill argues that the limitations period should be tolled. The Eleventh Circuit Court of Appeals has held that the statute of limitations enacted by the AEDPA was intended to be an ordinary statute of limitations and not a jurisdictional bar. *Helton v. Secretary for Dept. of Corrections*, 233 F.3d 1322, 1324 (11th Cir. 2000).

> It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312. Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").
> In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.

*Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g., Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (limitations period not equitably

---

[3] The one-year limitations period was not tolled during the time his mandamus petition was pending, since the Rule 32 proceedings had already ended when the trial court denied the petition and Sherrill did not appeal that denial.

4

tolled during period when prisoner was transferred to another facility and did not have access to his papers)*; Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (limitations period not equitably tolled based on prison lockdowns and misplacement of legal papers); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling).

     Sherrill argues that the limitations period should be equitably tolled because his second Rule 32 petition was denied by the trial court, although that court did not have subject matter jurisdiction to adjudicate the merits of the case, because Sherrill had not been granted indigent status. The court finds that the trial court's actions with regard to Sherrill's second Rule 32 petition do not amount to an extraordinary circumstance that would justify equitable tolling. Moreover, Sherrill has not shown that he acted with due diligence. Sherrill had 86 days left to file his federal petition after the second Rule 32 petition was denied. Yet, he did not file his petition for 107 days. He offers no reason why he could not have filed the petition in a timely fashion. Therefore, he is not entitled to have the limitations period equitably tolled.

Sherrill further claims that the statute of limitations should not apply to him because he is actually innocent of the crime for which he was convicted. The Supreme Court has never addressed whether actual innocence is available to overcome the procedural bar of the one-year statute of limitations established by the AEDPA. However, the Eleventh Circuit Court of Appeals has held that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327. (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

In support of his claim of actual innocence, Sherrill states that the Alabama Bureau of Investigation and the Franklin County Sheriff's Department violated his Fourth Amendment rights by conducting an illegal search without a warrant and that he was without counsel at his sentencing hearing. These claims in no way support a claim of actual innocence. Thus, the petition is due to be dismissed because it is barred by the statute of limitations.

Furthermore, even if the petition were not barred by the statute of limitations, the petitioner could not file his petition in this court because it would be barred by procedural default. In his petition, Sherrill claims that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure and that he was denied effective assistance of counsel because his attorney abandoned him and left him without an attorney at sentencing. Sherrill raised these claims in his second Rule 32 petition, but failed to present them to the Alabama appellate courts. In *Collier v. Jones*, 910 F.2d 770 (11th Cir. 1990), the petitioner raised claims in his federal habeas petition that had been raised in a state coram nobis petition but had not been argued to the Alabama Court of Criminal Appeals on appeal from the denial of the petition. The court reasoned that the claims were not fully exhausted because "the state court that is usually the final arbiter of such collateral attacks on criminal convictions [the Alabama Court of Criminal Appeals] was not afforded a fair opportunity to rule on them." *Collier*, 910 F.2d at 773. Such claims are deemed, in essence, to be unexhausted because exhaustion requires an appeal from the state court's denial of post-conviction relief. *Leonard v. Wainwright*, 601 F.2d 807 (5th Cir. 1979). The court in *Collier* further determined that because the petitioner was barred by state procedural rules from presenting the claims again in state court, it was futile to dismiss the claims to allow him to fully exhaust them. The court then found that the claims were:

7

>presented to the federal courts in a posture analogous to claims that have never been presented to a state court, and which have become procedurally barred under state rules. Under such circumstances this circuit has held that *Harris* [*v. Reed*, 489 U.S. 255 (1989)] does not preclude a federal court from finding the claims procedurally barred. *See Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1989) (Holding, post-*Harris*, that where dismissal to allow exhaustion of un-exhausted claims would be futile due to state procedural bar, claims are considered procedurally barred in federal court.). Following this precedent, we hold [petitioner's] two claims . . . are procedurally defaulted.

*Collier*, 910 F.2d at 773.

It is undisputed that the petitioner failed to raise these claims on appeal to the Alabama Court of Criminal Appeals after the trial court's denial of his Rule 32 petition. As in *Collier*, the petitioner here has failed to exhaust state remedies. Moreover, he is now procedurally barred from raising these claims in state court because another state petition would be barred as successive. *See Blount v. State*, 572 So. 2d 498 (Ala. Crim. App. 1990). Dismissing this petition to allow him to exhaust would be futile because his claims are now barred under state law. Thus, under the authority of *Collier*, the petitioner is procedurally barred from raising these claims in federal court, absent a showing of adequate cause for and prejudice from his failure to raise these issues on appeal to the Alabama Court of Criminal Appeals after the trial court's denial of the state habeas petition. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990).

Additionally, his claims are procedurally defaulted because he failed to present them to the Alabama Supreme Court for review as required by *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732-33 (1999). "Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *Boerckel,* 119 S. Ct. at 1732. To exhaust state court remedies, federal habeas corpus petitioners need only provide the "state courts a fair

opportunity to act on their claims." *Id.* The *Boerckel* Court held that in order to satisfy the exhaustion requirement for bringing a habeas corpus petition, the petitioner was required to present his claims to the state supreme court for discretionary review when that review is part of the ordinary review procedure in the State. *Id.* at 1733.

The Eleventh Circuit Court of Appeals has indicated that "there is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule." *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001).

> The Alabama Supreme Court's certiorari review rule gives that court broad discretion over the issues it will review. Among other grounds, certiorari review can be granted to decide issues of first impression; to decide whether an Alabama Supreme Court decision relied upon by the Court of Criminal Appeals ought to be overruled; and to determine whether the Court of Criminal Appeals' decision conflicted with prior decisions of the United States Supreme Court, the Alabama Supreme Court, or the Court of Criminal Appeals itself. [FN5]
>> FN5. Alabama Rule of Appellate Procedure 39(c), as in effect at the time of Smith's direct appeal, provided that:
>> In all other cases [except death penalty cases], civil or criminal, petitions for writs of certiorari will be considered only:
>> . . . .
>> (3) From decisions when a material question requiring decision is one of first impression in Alabama;
>> (4) From decisions in conflict with prior decisions of the United States Supreme Court, the Alabama Supreme Court, or the Alabama courts of appeals; . . . and,
>> (5) Where petitioner seeks to have controlling [Alabama] supreme court cases overruled which were followed in the decision of the court of appeals.
>> Ala.R.App.P.39(c)(1990)(amended 2000). The rule has not been changed in any respect relevant to the Boerckel rule since Smith's direct appeal.
> Any federal law question would fit within one or more of those grounds for certiorari review, and that is particularly true in light of the limitation on federal habeas review now contained in 28 U.S.C. § 2254(d). Because the scope of the Alabama Supreme Court's discretionary review on direct appeal is broader than that of the Illinois Supreme Court, which was the court whose review procedures were involved in the

9

*Boerckel* case itself, see 526 U.S. at 845-48, 119 S. Ct. at 1732-34, Alabama convictions and prisoners clearly come within the scope of the *Boerckel* rule.

*Id*. at 1140-41. The Eleventh Circuit Court of Appeals has held that the *Boerckel* rule applies to a petitioner's state collateral review process. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Syke*s is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse his procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.,* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982)(emphasis in original). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

Sherrill has made no attempt to establish cause for or prejudice from his failure to present these claims on appeal from the denial of his Rule 32 petition. Moreover, as previously discussed, Sherrill's actual innocence argument is without merit. Therefore, his claims would clearly be procedurally barred from review in this court if they were not barred by the statute of limitations.

An appropriate order will be entered.

DONE and ORDERED 22 March 2005.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.